UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SHAWN GREEN,

        Petitioner,

  v.

DONALD G. UHLER,

        Respondent.

9:16-CV-0114
(GLS/TWD)

---

APPEARANCES:                        OF COUNSEL:

SHAWN GREEN
97-A-0801
Petitioner, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

GARY L. SHARPE
Senior United States District Judge

**DECISION and ORDER**

## I. INTRODUCTION

Petitioner Shawn Green filed an amended petition for a writ of habeas corpus and memorandum of law pursuant to 28 U.S.C. §2254, in which he challenges two disciplinary proceedings held at the Auburn Correctional Facility on February 3, 2013 and May 3, 2013. Dkt. No. 6, Amended Petition ("Am. Pet."); Dkt. No. 6-1, Memorandum of Law ("Mem."). For the reasons that follow, this action is dismissed.

## II. RELEVANT BACKGROUND

On or about August 13, 2015, petitioner filed this action in the Western District of New York. Dkt. No. 1, Petition ("Pet."); Dkt. No. 2, IFP Application. The case was transferred to

this Court by order dated January 15, 2016. Dkt. No. 3, Transfer Order.

On February 2, 2016, the Court granted petitioner's IFP Application. Dkt. No. 5, Decision and Order. The Court then explained that the sanctions imposed as a result of the challenged hearings - keeplock and the loss of other privileges - are "not typically redressible in a habeas corpus proceeding because they do not implicate the fact or length of confinement." *Id.* at 3 (citing *Peralta v. Vasquez*, 467 F.3d 98, 104-05 (2d Cir. 2006)). Petitioner was given an opportunity to file an amended petition "to explain whether he lost good time credits as a result of the disciplinary hearings he seeks to challenge." *Id.* at 4.

## III. THE AMENDED PETITION

In his amended petition, petitioner again claims that he was assessed "seven and thirty days keeplock including loss of privileges" as a result of the February 3 and May 3, 2013 disciplinary proceedings. Pet. at 1, 15; Mem. at 1.[1] Petitioner states that he filed an Article 78 petition in Cayuga County challenging the proceedings, the petition was denied, and the Appellate Division affirmed. Pet. at 2; Mem. at 1. On July 1, 2015, the New York Court of Appeals denied leave to appeal further. Pet. at 2; Mem. at 1. He states he is entitled to habeas relief on two grounds: (1) he was denied the right to call a "material witness" at the February 3, 2013 disciplinary hearing; and (2) evidence related to the May 3, 2013 disciplinary hearing was improperly suppressed. Pet. at 5-8; Mem. at 1.

Petitioner concedes that he did not lose any good time as a result of the challenged disciplinary proceedings. He argues, however, that the time allowance committee takes "the entire institutional record" of an inmate into account when making recommendations as to

---

[1] The cited page numbers refer to those generated by the Court's electronic filing system (ECF).

2

the amount of good behavior allowance an inmate may be granted. Mem. at 2. Petitioner claims that the challenged hearings may, therefore, result in "collateral consequences" in the future; *i.e.*, he may receive an unfavorable good behavior allowance recommendation. *Id.* Petitioner also appears to argue that "a state prisoner may seek reverse [sic] of SHU confinement by filing a habeas petition[.]" *Id.* He asks that the February 3 and May 3, 2013 disciplinary determinations be "expunged from all of [his] institutional records." *Id.* at 15. For a complete statement of petitioner's claims, reference is made to the petition.

## IV.   DISCUSSION

As the Court noted in the February 2, 2016 Decision and Order, Section 2254 governs petitions filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Challenges by state prisoners to prison disciplinary proceedings resulting in the loss of good time credits are properly brought pursuant to 28 U.S.C. § 2254. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (noting that a section 1983 claim does not lie where prison disciplinary proceeding results in loss of good time credits); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (stating that habeas corpus is the sole remedy when a state prisoner seeks "a speedier release . . . from imprisonment"). The remedy available in a habeas corpus action is release from the challenged confinement, or, in the case of lost good time, restoration of lost credits, which could result in a shortened term of confinement. *See Edwards,* 520 U.S. at 646-48; *Preiser*, 411 U.S. at 500.

But claims surrounding other sanctions, including keeplock, placement in the special housing unit (SHU) and the loss of other privileges that do not impact the fact or length of

3

confinement are more appropriately brought, if at all, pursuant to 42 U.S.C. §1983. *Peralta*, 467 F.3d at 104-05; *see Williams v. Menifee*, No. 1:05-CV-4045, 2006 WL 2481823 at *3 n.1 (S.D.N.Y. Aug. 25, 2006) (sanctions other than the loss of good time credits do not amount to "custody" and therefore are not a proper subject of habeas review), *aff'd* 331 F. App'x. 59 (2d Cir. Jun. 3, 2009).

Petitioner did not lose good time as a result of the challenged disciplinary hearings. *See* Pet. The sanctions he suffered - placement in keeplock and a loss of other, unidentified privileges - are not redressible in a habeas corpus proceeding because they do not implicate the fact or length of confinement. *Peralta*, 467 F.3d at 104-05.

Petitioner argues, however, that habeas relief is available to challenge any "additional and unconstitutional restraints during his lawful custody." Mem. at 2 (quoting *Preiser*, 411 U.S. at 499 and citing *Boudin v. Thomas*, 732 F.2d 1107, 1111 (2d Cir. 1984)). There is some authority for the proposition that a state prisoner may seek release from SHU confinement by filing a habeas petition. This proposition is based on dictum in *Preiser* that "left open the question of whether federal habeas corpus is available to prisoners who challenge decisions imposing restrictive conditions of confinement." *Jenkins v. Haubert*, 179 F.3d 19, 23 (2d Cir. 1999); *see Preiser*, 411 U.S. at 499) (stating, in dicta, that, "[w]hen a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal."); *Boudin*, 732 F.2d at 1111-12 (finding that it was appropriate to treat the part of a federal inmate's "complaint seeking transfer to the general prison population as a petition for a writ of habeas corpus" because she "sought to be moved out of administrative segregation because

4

of the prison administration's previous constitutional violations"). The Second Circuit has recognized, however, that the law governing a habeas petitioner's claims is limited to the holdings, not dicta, of the Supreme Court. *See Tueros v. Greiner*, 343 F.3d 587, 591, 593-94 (2d Cir. 2003), *cert. denied* 541 U.S. 1047 (2004).

Even assuming petitioner could properly seek release from more restrictive to less restrictive confinement in a habeas petition, petitioner is not entitled to relief. First, petitioner does not ask for that relief, nor does it appear that he would be entitled to it. Petitioner was placed in keeplock confinement, a form of disciplinary confinement where the inmate is confined to his own cell for the duration of the disciplinary sanction. Pet.; *see Gittens v. LeFevre*, 891 F.2d 38, 39 (2d Cir. 1989); *Brown v. Graham*, No. 9:07-CV-1353 (FJS/ATB), 2010 WL 6428251 at *9, n.27 (N.D.N.Y. Mar. 30, 2010) ("Keeplock is a form of confinement restricting an inmate to his or her cell, separating the inmate from others, and depriving him or her of participation in normal prison activities. Inmate conditions while on keeplock status are substantially the same as in the general population.") (internal citations omitted). But that sanction was imposed in 2013, he was not so confined when he filed his petition, and the term of keeplock has long since expired. *See* Pet.

Petitioner also appears to argue that habeas relief is available because he may suffer future "collateral consequences" as a result of the hearings. Mem. at 2. His reliance on *Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983), and *McCollum v. Miller*, 695 F.2d 1044 (7th Cir. 1982), in support of that argument is misplaced.

In *Jackson*, the Seventh Circuit found that "habeas corpus is the proper remedy for [federal inmates to get] from a more to a less restrictive custody-specifically, from custody in

5

the Control Unit to normal confinement." 707 F.2d at 946 (citing *McCollum*, 695 F.2d at 1046). One of the petitioners in *Jackson*, "concerned that the record of his disciplinary infraction might delay his parole-as well it might, *see* 28 C.F.R. § 2.36(a)," sought "to have that record expunged." *Id.* Because that inmate "brought his habeas corpus suit *while confined in the Control Unit*, the possibility that he might suffer some collateral consequence such as delayed parole is enough to preserve the district court's jurisdiction of the suit." *Id.* (citing *McCollum*, 695 F.2d 1047-48) (emphasis added). As noted, petitioner is not confined in keeplock as a result of the challenged hearings, nor was he at the time he filed this action. *See* Pet.

Moreover, the "collateral consequences" discussions in *Jackson* and *McCollum* applied to the concept of mootness. 707 F2d at 946; *see* 695 F.2d at 1047-48 ("If [petitioners] filed their habeas corpus petitions while they were in disciplinary confinement, a collateral consequence-even something so hypothetical and remote as the possibility that the record of that confinement might result in a stiffer sentence if the petitioners were later convicted of an unrelated offense-would be enough to prevent their release from mooting the petitions[,]" but if the petitioners were "released from disciplinary confinement before they filed their petitions for habeas corpus, those petitions were moot when filed and cannot be revived by collateral consequences."). Petitioner's argument that at some point in the future the time allowance committee might not grant him all of the good time to which he may be entitled based upon the challenged disciplinary hearings is entirely speculative and does not cure the fact that he was not "in custody" as a result of these hearings when he filed his petition. *McCollum*, 695 F.2d at 1047-48.

Based on the foregoing, this action is dismissed.

6

## V. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the amended petition (Dkt. No. 6) is **DISMISSED;** and it is further

**ORDERED**, that no certificate of appealability (COA) shall issue because petitioner failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2). Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk serve a copy of this order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED**.

March 9, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge